The Honorable _____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATIONAL PRODUCTS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>CINEVATE INC.,<br><br>    Defendant. | Case No. 11-cv-1361<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For its Complaint, Plaintiff National Products, Inc. ("NPI") states and alleges as follows:

<u>The Parties</u>

1.   NPI is a corporation organized and existing under the laws of the State of Washington, having its principal place of business at 8410 Dallas Ave S., Seattle, WA 98108.

2.   NPI is a market leader in the design, manufacture, and sale of a wide variety of innovative positional mounting systems for mobile devices and electronics, including cameras.

3.   Upon information and belief, Defendant Cinevate Inc. ("Defendant") is a corporation organized and existing under the laws of the Province of Ontario, Canada, having its principal place of business at 106 North Cumberland, Unit 200, Thunder Bay, Ontario, P7A AM2, Canada.

Jurisdiction and Venue

4. This is an action for patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271, 281-285.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

The RE060 Patent

7. On January 25, 2011, U.S. Patent No. RE42,060 ("the RE060 patent"), entitled "Universally Positionable Mounting Device," was issued to the inventor Jeffrey D. Carnevali ("Carnevali"). A copy of the RE060 patent is attached as Exhibit A. The RE060 patent is generally directed towards a mounting device that can be universally positioned between a pair of objects.

8. Carnevali has duly assigned all right, title, and interest in the RE060 patent to NPI, and NPI is the current owner of all right, title, and interest in the RE060 patent.

**The RE581 Patent**

9. On August 2, 2011, U.S. Patent No. RE42,581 ("the RE581 patent"), entitled "Universally Positionable Mounting Device," was issued to Carnevali. A copy of the RE581 patent is attached as Exhibit B. The RE581 patent is generally directed towards a mounting device that can be universally positioned between a pair of objects.

10. Carnevali has duly assigned all right, title, and interest in the RE581 patent to NPI, and NPI is the current owner of all right, title, and interest in the RE581 patent.

Count I – Infringement of the RE060 Patent

11. NPI realleges and reincorporates the allegations in paragraphs 1-10 above.

12. Defendant has manufactured, used, sold, offered for sale, and/or imported products, including without limitation the Grip Sticks Universal Accessory Mount, including in this judicial district, that infringe the RE060 patent, including without limitation that

1  patent's claim 37.

2  13.  Defendant's infringement of the RE060 patent has caused NPI irreparable
3  harm, and NPI will continue to suffer irreparable harm in the future unless Defendant is
4  enjoined from infringing the RE060 patent.

5  14.  NPI is providing notice to Defendant of its infringement of the RE060 patent
6  through the filing of the instant complaint pursuant to 35 U.S.C. § 287(a).

7  15.  Upon information and belief, the infringement by Defendant of the RE060
8  patent has been and/or continues to be willful.

## Count II – Infringement of the RE581 Patent

10  16.  NPI realleges and reincorporates the allegations in paragraphs 1-15 above.

11  17.  Defendant has manufactured, used, sold, offered for sale, and/or imported
12  products, including without limitation the Grip Sticks Universal Accessory Mount, including
13  in this judicial district, that infringe the RE581 patent, including without limitation that
14  patent's claim 38.

15  18.  Defendant's infringement of the RE581 patent has caused NPI irreparable
16  harm, and NPI will continue to suffer irreparable harm in the future unless Defendant is
17  enjoined from infringing the RE581 patent.

18  19.  NPI is providing notice to Defendant of its infringement of the RE581 patent
19  through the filing of the instant complaint pursuant to 35 U.S.C. § 287(a).

20  20.  Upon information and belief, the infringement by Defendant of the RE581
21  patent has been and/or continues to be willful.

## Prayer for Relief

23  WHEREFORE, NPI prays for the following relief:

24  a.  A judgment that Defendant has infringed the RE060 and RE581 patents;

25  b.  An order preliminarily and permanently enjoining and restraining Defendant,
26  its officers, directors, agents, servants, employees, licensees, attorneys, and all other persons

acting under or through it, directly or indirectly, from infringing the RE060 and RE581 patents;

  c. A judgment and order requiring that Defendant pay damages under 35 U.S.C. § 284, including treble damages as provided by 35 U.S.C. § 284, with prejudgment interest;

  d. A judgment and order directing Defendant to pay the costs of this action (including all disbursements) and attorney fees as provided by 35 U.S.C. § 285, with prejudgment interest;

  e. Such other and further relief as the Court may deem just and equitable.

<u>Demand for Jury Trial</u>

NPI hereby demands a trial by jury of all issues so triable.

         NATIONAL PRODUCTS, INC.

         By its attorneys,

Dated: August 16, 2011   FENWICK & WEST LLP

         By: s/*David K. Tellekson*
         David K. Tellekson (WSBA No. 33523)
         Robert L. Jacobson (WSBA No. 30838)
         Ewa M. Davison (WSBA No. 39524)
         1191 Second Avenue, 10th Floor
         Seattle, WA  98101
         Telephone: 206.389.4510
         Facsimile: 206.389.4511
         Email: dtellekson@fenwick.com
            rjacobson@fenwick.com
            edavison@fenwick.com

*Attorneys for Plaintiff*
*National Products, Inc.*